Curia, per

O’Neall, J.
In this case, I understand from the Circuit Judge, that the entries were not made at the time when the goods were delivered, but in the evening of the same day; and that they were not made by a clerk, but by a friend, who performed such services occasionally for the plaintiff. These facts remove all difficulty as to the inadmissibility of the testimony, and reconcile the whole court to the decision below. But a majority of the Court, however, taking the case made in the report merely, are satisfied to affirm the decision. The case, as made by the report, is, that the plaintiff’s book was produced, in which was an entry in the hand-writing of one not present at the delivery of the goods, and the plaintiff would have proved that he sold and delivered the goods, and that the entry was afterwards made by his direction, and in his presence. The question is, was such evidence admissible?
At comnion law, originally, in this country, as well as in England, no one would have contended that it was. The decisions under 7 Jac. 1, c. 12, which enacts that the shop *135 book of a tradesman shall not be evidence after a year, will approach nearer to the question now before us, than any to which we can refer in the English books. In construing that statute, it would seem, by implication, that within the year, the book would be in itself evidence. Yet the Judges of England, in a variety of cases, held that it was not so without some circumstance to make it so. In Buller’s. N. P. 282, 283, a very good summary of the cases will be found, from which it will be seen, that in no instance was the plaintiff’s oath resorted to, as in aid of the' entry. Proof of the entry by the clerk making it, as an evidence , of his oxon transactions, or, in the event of his death, the next best evidence, proof of his hand-writing, was always necessary. When the person delivering the goods did not make the entry, but the proof was that it was .the usual course of business, that the drayman came every night to the clerk of the bread-house, and gave him an account of the bread delivered out, which he set down in a book, to which the drayman set his hand, and that the drayman was dead, and that the signature was his, it was held that the evidence was admissible.
In a subsequent case, when an entry was offered to prove a delivery, a book was produced, belonging to the plaintiff’s cooper, who was dead, but his name was subscribed to the entry of several articles delivered to the defendant, such as wine; and it was proposed to prove his hand-writing. Lord C. J. Raymond excluded the testimony, saying it differed from Lord Torrington’s case, because there the witness saw the drayman sign the book every night. These cases abundantly shew, that the fact of an entry made by one not delivering the goods, never was evidence, unless it could be sustained by some other competent common law evidence to raise the belief of delivery, such as the proof that the drayman every night signed the entries made on his report; that he was dead; and that the signature to the entry was his. Salk. 285, Lord Torrington’s case.
What difference has been made by the adjudications in this State 1 In 1786, it was said by Bay, (afterwards, and for nearly half a century, Judge of this Court,) in arguing *136 Foster vs. Sinkler, 1 Bay 40, that it was very doubtful whether the statute of 7 Jac. 1, chap. 12, ever went into operation in this State. If it ever did, it must soon have fallen into disuse, or have become obsolete. For the county and precinct Court Act, passed nine years after this and other English statutes were made of force in this State, in its tenth clause, recites the law as understood and practiced in this State, to be, “ that it had been before allowed for law in the then Province, that books of account shall be allowed for evidence, the plaintiff swearing to the same.” The Court, in their decision, 1st Bay 45, affirmed this view, that the “ original book of entries of a merchant or shopkeeper, is good evidence to go to the jury, on the plaintiff swearing to the same.” In the same case, Pendleton, J., said that “ these entries were, in this country, prima facie evidence of a delivery.” If that case stood alone, it might be difficult to avoid the conclusion, that upon the plaintiff swearing that the book offered was his original book of entries, it would be evidence to go the jury as prima facie evidence of delivery. Bat the Court, in a previous case, that of Lynch vs. McHugo, 1st Bay 33, declared that the rule by which such evidence was received, was in derogation of the common law, and ought to be strictly guarded. In that case, a “post entry” was held to be inadmissible, and that, in itself, was, perhaps, enough to confine the proof to every entry, and to make it necessary that each should be proved by the person making it, and that it should be made when the delivery was made. In a subsequent case, Turner vs. Rogers & McBride, 1st Bay, 480, it was ruled, that an entry made by a clerk, must be proved by him, if he be alive, and within the State. In Lamb vs. Hart’s Administrator, 1st Brev. Rep. 105, the third resolution of the Court was, that “ the plaintiff himself shall be allowed to prove the entries made in his own books of account, when such evidence is the best that the nature of the case admits of, as when the entries are in his own hand-ivriting.”. Putting those cases together, they very plainly establish the rule to be, that when the plaintiff, a shop-keeper, sells goods, and, at the time of delivery, entered the goods so sold in his book, that he may be permitted, under the usage and practice in this State, to prove such entry.
*137 It will be observed, on analyzing this rule, and testing it by the decided cases, that the entry is evidence of delivery, and not the oath of the shop-keeper, that he did deliver. In Deas vs. Darby, 1st N. & McC. 436, Mr. Justice Johnson stated the rule to be, that book entries prove no more than the delivery of the articles charged. The facts that he did deliver, and that the entry was made by himself at the time of delivery, may be enquired into by tire defendant, if he chooses to test the propriety of admitting the entry. And if either of them be wanting, the entry cannot be read. It may be, that some hardship may result, in the application of this rule to the business of life, but it must be remembered, that the rule, by which the plaintiff himself is allowed to prove his own entry, was engrafted by our ancestors on this branch of the English common law, on account of the difficulty, in the early settlement of this country, of procuring clerks to keep books. That difficulty has long since been removed, and there is now, therefore, no reason to give any, even the slightest extension, to the principle settled in 1786. But I think some of the supposed hardships will not be found to exist. A sale by a merchant, and an entry by a clerk, or reversing it, a sale by a clerk and an entry by the merchant, at the instant of delivery, will be always regarded as one transaction, and the proof of the entry by the clerk or merchant, under such circumstances, will be all that will ever be required.
I have looked into the case of Hurtz vs. the Executors of Neufville; the point really decided then, ivas that the plaintiffs who made an entry of goods delivered by his wife, in his absence, was incompetent to prove it. This is in support of the view which we take of the case before us.
It is true, the Judge, in delivering the opinion, does intimate that the wife might have been called in aid of the husband’s proof. But from the manner in which he expresses himself, it is plain, that he supposed she could prove the entry made by her husband, in the same manner as if she had made it herself. It is, however, clear, that in this he was mistaken ; and this error of expression, proceeding from one of so much ivisdom, discretion and experience, is to be ascribed to the fact, that his *138 mind was not turned to the distinction now made. The motion is dismissed.
Richardson, Evans, Butler and Wardlaw, Justices, concurred.